# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FABIAN D. CONGER, ) | |
| Petitioner, ) | |
| v. ) | No: 1:12-cv-465-TWP-DML |
| SUPERINTENDENT, WABASH ) | |
| VALLEY CORRECTIONAL FACILITY, ) | |
| Respondent. ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

A federal court may issue a writ of habeas corpus on behalf of a state prisoner only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, petitioner Fabian Conger ("Conger") has failed to establish his entitlement to relief under this standard. Accordingly, his petition for a writ of habeas corpus must be **denied.** In addition, the court finds that a certificate of appealability should not issue. These conclusions rest on the following facts and circumstances:

1.  Conger is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to his conviction for child molesting. His conviction was affirmed on direct appeal in *Conger v. State*, 49S04-0502-CR-81(Ind.Ct.App. Nov. 29, 2005)(unpublished). The appeal of the denial of Conger's petition for post-conviction relief was dismissed with prejudice on October 7, 2011. Conger's petition for transfer was defective for not conforming to state appellate rules and was also untimely.

Conger sought permission to file a belated petition to transfer. Permission was denied by the Indiana Supreme Court due to Conger's failure to adhere to state appellate rules and ordered that Conger's appeal is final.

    2.    The facts associated with Conger's offenses were summarized in his direct appeal:

> On February 8, 2004, D.D. was at church with her eleven-year-old-aunt, K.A. While they were in the bathroom, D.D. told K.A. that it "hurt to go to the bathroom[.]" D.D., who was seven at the that time, eventually disclosed to K.A. that she occasionally stayed with Conger [her biological grandfather] during the previous spring and summer and that one night he molested her. K.A. reported this to her mother, and the incident was reported to the police.
>
> On February 12, 2004, D.D. was interviewed by Diane Bowers, a forensic child interviewer. During the interview, D.D. stated that one night when she was staying at Conger's house he touched her "coo coo" with his hand. She also explained that she awoke to Conger lying down bedside her, pulling her pants and underwear down, and putting his "wee wee" in her "butt."
>
> On April 14, 2004, the State charged Conger with one count Class A felony child molesting and one count Class C felony child molesting. The State also charged Conger with being an habitual offender.

*Conger v. State*, 49S04-0502-CR-81 at pp. 2-3 (citations omitted).

    3.    Conger now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." *Id.*

    4.    Conger's habeas claims are: (1) his post-conviction hearing was not a hearing; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) abuse of discretion by the trial court in adjudicating and

sentencing him as a habitual offender; and (5) prosecutorial misconduct.

5. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Conger encounters procedural hurdles in this case.

6. Following the denial of Conger's petition for post-conviction relief, the Indiana Court of Appeals found that Conger's motion seeking permission to file an appellate brief was defective for failure to comply with Indiana Appellate Rules. The Indiana Supreme Court then denied Conger's petition for transfer as already noted.

> a. "[W]hen a petitioner fails to raise his federal claims in compliance with the relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." *Cone v. Bell,* 129 S. Ct. 1769, 1780 (2009). "A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler,* 130 S. Ct. 612, 615 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)).
>
> b. Here, Conger failed to properly perfect his appeal from the denial of post-conviction relief. In addition, he failed to timely seek transfer to the Indiana Supreme Court. Each of these shortcomings constitutes his procedural default. Conger has not shown the presence of circumstances permitting him to overcome these defaults, and hence the court is not permitted to reach the merits of his claims.

7. Conger has encountered the hurdle produced by procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence he is not entitled to the relief he seeks. Therefore, Conger=s petition for a writ of habeas corpus is **denied.** Judgment consistent with this Entry shall now issue.

8. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Conger has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/05/2012

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Fabian D. Conger
#875631
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838

henry.flores@atg.in.gov